IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

```
_____
                                )
DUANE D. TELEP,                 )
                                )
        Plaintiff,              )
v.                              )          Civil Action No. 2:04cv6
                                )
JOHN E. POTTER, Agency,         )
Postmaster General              )
United States Postal Service,   )
                                )
        Defendants.             )
_____)
```

## OPINION AND ORDER

Plaintiff Duane D. Telep filed this action *pro se* against defendant John E. Potter, Postmaster General of the United States Postal Service. Plaintiff Telep claims that the Postmaster General violated Title VII of the Civil Rights Act, the Rehabilitation Act, and the Architectural Barriers Act by not assigning plaintiff a reserved parking space closer to the employee entrance at the General Mail facility in Norfolk, Virginia. The matter is now before the Court on the defendant's Motion for Summary Judgment. (Docket No. 17). For the reasons stated below, the Motion is **GRANTED.**

### I. Factual and Procedural History

As required by E.D. Va. Local Rule 56(B), Defendant's Motion for Summary Judgment was accompanied by a Statement of Undisputed

1

Material Facts.  (Docket No. 18).  In compliance with Local Rule 7(K), defendant warned plaintiff Telep that he must identify those specific facts set forth by the moving party with which he disagrees.  Despite this warning, plaintiff asserts only that "the resolution offered in exhibit 9 states that the handicap parking on the east end of the building is on a first come first serve basis is not true." (Docket No. 20).  Mr. Telep's one factual contention is not at issue because it was not listed in defendant's Undisputed Material Facts.

Were plaintiff represented by counsel, his failure to contest defendant's list of undisputed facts would be dispositive.  Local Rule 56(B) allows the Court to "assume that the facts identified by the moving party in its listing of material facts are admitted" unless the nonmoving party controverts the facts in a counter statement supported by citations to the record.  However, the Fourth Circuit has cautioned that *pro se* filings are to be held to less stringent standards than the formal pleadings drafted by lawyers.  *Butler v. Cooper*, 554 F.2d 645, 647 (4th Cir. 1977); *see also Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *Canty v. City of Richmond Police Dep't*, 383 F. Supp. 1396, 1400 (E.D. Va. 1974).  Plaintiff Telep, as a *pro se* litigant, is to be treated with deference.  *See Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989); *Taylor v. Wal-Mart Stores, Inc.*, 376 F. Supp. 2d 653, 655

(E.D. Va. 2005).[1]  Nonetheless "[t]he 'special judicial solicitude' with which a district court should review such pro se [pleadings] does not transform the court into an advocate.  Only those questions which are squarely presented to a court may properly be addressed."  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

In light of these admonitions, the Court has independently reviewed the record and will set forth the relevant facts.[2]  At all relevant times, plaintiff Telep worked as a mail handler at the United States Postal Service General Mail facility located at 600 Church Street, Norfolk, Virginia.  Plaintiff Telep asserts that he is handicapped because a chiropractor diagnosed him with degenerative changes to his lumbar spine.  Based on this diagnosis, the Virginia Department of Motor Vehicles issued to plaintiff a set of handicap license plates.  The date on which

---

[1] The liberal construction applied to a *pro se* pleading has its limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Johnson v. Pearson*, 316 F. Supp. 2d 307, 313-14 (E.D. Va. 2004); *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999).  The Court is not required to "conjure up questions never squarely presented" in the Complaint.  *Beaudett*, 775 F.2d at 1278; *see also Levy v. Jensen*, 285 F. Supp. 2d 710, 713 (E.D. Va. 2003); *Bracey*, 55 F. Supp. 2d at 421.  "District judges are not mind readers.  Even in the case of *pro se* litigants, they cannot be expected to construct full blown claims from sentence fragments."  *Beaudett*, 775 F.2d at 1278; *see also Johnson*, 316 F. Supp. 2d at 313-14; *Bracey*, 55 F. Supp. 2d at 421.

[2] Because the Court grants defendant's Motion for Summary Judgment, the Court will state the facts, and the inferences reasonably drawn from those facts, in the light most favorable to plaintiff, the nonmoving party in the pending motion.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Smith v. Continental Cas. Co.*, 369 F.3d 412, 417 (4th Cir. 2004); *Nguyen v. CNA Corp.*, 44 F.3d 234, 237 (4th Cir. 1995).

plaintiff Telep received the handicap license plates is unknown; however, for analysis purposes, the Court will assume that the plates were received before the relevant time period.

On a 1999 Physician Limitation Review Form, plaintiff Telep's treating chiropractor stated that Mr. Telep could stand for two hours (before breaking for 15 minutes), bend occasionally, climb steps occasionally, and lift 11-20 pounds occasionally. This laundry list of physical limitations, which arose from Mr. Telep's degenerative disc disease, was devoid of any claim of an impaired ability to walk. The Court cannot find any evidence to suggest that plaintiff Telep's ability to walk was restricted in any way. Nor can the Court find any evidence that plaintiff was in a generally fragile physical state. During the relevant time period, plaintiff Telep worked up to four hours of overtime on a frequent basis.

In 1993, all employees had access to handicap parking spaces in the general employee parking lot at the General Mail facility. The general parking lot is located approximately 450 feet from the facility. In September 1993, the Postmaster General made a limited amount of handicap parking available in the area located between the Vehicle Maintenance Facility and the General Mail Facility ("VMF/GMF" area). These new, closer handicap spaces were created in addition to the handicap parking already available in the general employee lot. To determine which

employees would be granted access to the new VMF/GMF handicap spaces, the Managers of Distribution Operations reviewed the physical limitations of their employees and created a list of those employees whose disabilities affected their mobility. Management relied on the list to assign handicap parking spaces in the VMF/GMF area.  Plaintiff Telep was not among the employees granted permission to park in the VMF/GMF area.

According to the Equal Employment Opportunity Investigative Report, the mobility impairments and demographics of five of the employees granted handicap parking spaces in the VMF/GMF area are:

|  |  |
|---|---|
| [1]. Young - Black Female, (Religion Unknown) | Limited Mobility, Hip Replacement |
| [2]. Klein - White Male, (Religion Unknown) | Limited Mobility Hip Replacement |
| [3]. Rumper - Black Female, (Religion Unknown) | Limited Mobility Hip Replacement |
| [4]. Porter - Black Male, (Religion Unknown) | Leg Braces |
| [5]. Francis - White Male, (Religion Unknown) | Arm Braces, Crutches |

(Defense Exhibit 14, p.3).

Plaintiff Telep does not contradict the Equal Employment Opportunity Commission's ("EEOC") categorizations, but seems to assert that other postal employees were also given preferred handicap parking.  The additional employees identified by plaintiff Telep are a Mr. James, who is black, a Mr. Turner, who

is black, and a Ms. Richardson who is Jewish. (Plaintiff's Opposition to 3rd Roseboro Warning Memorandum in Denial of Defendant's Motion for Summary Judgement -- Docket No. 20).  With the inclusion of these individuals, the employees who were allowed to park in the VMF/GMF handicap spaces consisted of black, white, male, and female employees, one of whom is Jewish. The religious preferences of the other employees are unknown.

On December 3, 1993, plaintiff Telep filed an EEO pre-complaint, alleging that management denied him access to the handicap parking in the VMF/GMF area because he is a white, Catholic male with a degenerative disc disease.  The following month, a Postal Service manager attempted to resolve plaintiff's EEO pre-complaint by offering him parking privileges in the VMF/GMF area on a first come, first serve basis.  This offer was later rescinded after plaintiff Telep refused to accept it.

Plaintiff Telep has provided no evidence to show that the limitations on his locomotion, if any, were more severe than those experienced by the employees who were granted access to the more favorable handicap parking spaces in the VMF/GMF area. Plaintiff Telep has offered no evidence to show that management considered race, sex, or religion when assigning the favorable parking spaces.  Plaintiff Telep has offered only bald assertions that he has been discriminated against because his demographics differ in some respect from those of the "favored" employees.

6

## II.  Principles of Summary Judgment

The standards courts apply in their consideration of motions for summary judgment are well-established.  Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Seabulk Offshore, Ltd. v. American Home Assurance Co.*, 377 F.3d 408, 418 (4th Cir. 2004); *Walton v. Greenbrier Ford, Inc.*, 370 F.3d 446, 449 (4th Cir. 2004).

An otherwise proper summary judgment motion will not be defeated by a mere factual dispute between the parties unless the dispute concerns a "genuine issue of material fact."  *Anderson*, 477 U.S. at 247-48; *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 519 (4th Cir. 2003).  A "material fact" is a fact that might affect the outcome of a party's case.  *See Anderson*, 477 U.S. at 248; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001); *Commerce Funding Corp. v. Worldwide Sec. Servs. Corp.*, 249 F.3d 204, 209 (4th Cir. 2001).  Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over

facts that might affect the outcome of the suit under the
governing law will properly preclude the entry of summary
judgment." *Anderson*, 477 U.S. at 248; *see also Hooven-Lewis v.
Caldera*, 249 F.3d 259, 265 (4th Cir. 2001).  A "genuine" issue
concerning a "material" fact arises when the evidence is
sufficient to allow a reasonable jury to return a verdict in the
nonmoving party's favor.  *Anderson*, 477 U.S. at 248; *Commerce
Funding Corp.*, 249 F.3d at 209-10; *Brinkley v. Harbour Recreation
Club*, 180 F.3d 598, 614 (4th Cir. 1999).

Summary judgment shall be granted if the nonmoving party
"fails to make a showing sufficient to establish the existence of
an element essential to that party's case, and on which that
party will bear the burden of proof at trial." *Celotex Corp.*,
477 U.S. at 322; *see also Hooven-Lewis*, 249 F.3d at 265; *Johnson
v. Pearson*, 316 F. Supp. 2d 307, 313 (E.D. Va. 2004).  The moving
party has the initial burden to show the absence of an essential
element of the nonmoving party's case and to demonstrate that the
moving party is entitled to judgment as a matter of law.  *Honor
v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 185 (4th Cir.
2004); *McLean v. Patten Cmtys., Inc.*, 332 F.3d 714, 718 (4th Cir.
2003); *see Celotex Corp.*, 477 U.S. at 322-25.  When the moving
party has met its burden to show that the evidence is
insufficient to support the nonmoving party's case, the burden
then shifts to the nonmoving party to present specific facts

8

demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Honor*, 383 F.3d at 185; *McLean*, 332 F.3d at 718-19.

In meeting this burden, the nonmoving party must "go beyond the pleadings" and present affidavits or designate specific facts in depositions, answers to interrogatories, and admissions on file to establish a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 324; *see also M&M Med. Supplies & Serv., Inc. v. Pleasant Valley Hosp., Inc.*, 981 F.2d 160, 163 (4th Cir. 1993); *Parker v. Westat, Inc.*, 301 F. Supp. 2d 537, 540 (E.D. Va. 2004). However, the nonmoving party must rely on more than conclusory allegations, "mere speculation," the "building of one inference upon another," the "mere existence of a scintilla of evidence," or the appearance of "some metaphysical doubt" concerning a material fact. *See Anderson*, 477 U.S. at 252; *Matsushita*, 475 U.S. at 586; *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997); *Tao of Sys. Integration, Inc. v. Analytical Servs. & Materials, Inc.*, 330 F. Supp. 2d 668, 671 (E.D. Va. 2004). The evidence presented must be such that a reasonable jury could find in favor of the nonmoving party. *Anderson*, 477 U.S. at 252; *Retail Servs. Inc. v. Freebies Publ'g*, 364 F.3d 535, 542 (4th Cir. 2004); *Tao of Sys. Integration, Inc.*,

9

330 F. Supp. 2d at 671.

Summary judgment is not a "disfavored procedural shortcut." *Celotex Corp.*, 477 U.S. at 327; *Sibley v. Lutheran Hosp. of Md., Inc.*, 871 F.2d 479, 483 n.9 (4th Cir. 1989); *Brown v. Mitchell*, 327 F. Supp. 2d 615, 628 (E.D. Va. 2004). Rather, the summary judgment procedure is properly regarded as an "integral part" of the Federal Rules of Civil Procedure, which are designed to obtain a just, expeditious, and inexpensive resolution of every civil matter. *Celotex Corp.*, 477 U.S. at 327; *Sibley*, 871 F.2d at 483 n.9; *Graham v. Pactiv Corp. Benefits Comm.*, 301 F. Supp. 2d 483, 491-92 (E.D. Va. 2004).

A court "must take special care" when considering a summary judgment motion in an employment discrimination case because the employer's "motive is often the critical issue." *Beall v. Abbott Labs.*, 130 F.3d 614, 619 (4th Cir. 1997); *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 958 (4th Cir. 1996); *Ballinger v. N.C. Agric. Extension Serv.*, 815 F.2d 1001, 1005 (4th Cir. 1987). Nevertheless, summary judgment remains an appropriate disposition when the plaintiff is unable to prevail on his or her discrimination claims as a matter of law. *Beall*, 130 F.3d at 619; *Evans*, 80 F.3d at 958-59.

III.  Analysis

A.  Employment Discrimination Claim Under Title VII

Title VII of the Civil Rights Act of 1964, Pub. L. No. 88-352, as amended by The Civil Rights Act of 1991, Pub. L. No. 102-166, makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his or her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).

A plaintiff suing under Title VII may prove his or her case in one of two ways.  First, the plaintiff may introduce "direct or circumstantial evidence that raises a genuine issue of material fact as to whether an impermissible factor such as race motivated the employer's adverse employment decision."  *Diamond v. Colonial Life*, 416 F.3d 310, 318 (4th Cir. 2005) (quoting *Hill v. Lockheed Martin Logistics Mgt.*, 354 F.3d. 277, 284 (4th Cir. 2004) (en banc)).  Alternatively, a plaintiff may proceed "'under [the *McDonnell Douglas*] 'pretext' framework, under which the employee, after establishing a prima facie case of discrimination, demonstrates that the employer's proffered permissible reason for taking an adverse employment action is actually a pretext for discrimination.'" *Id.*

### 1.  Plaintiff's *Prima Facie* Case

Plaintiff Telep has failed to produce any direct or circumstantial evidence to show that the Postmaster General's refusal to provide him with handicap parking in the VMF/GMF area was motivated in any way by an impermissible factor.  As a result, plaintiff must rely on the *McDonnell Douglas* pretext framework to prove his case.  The Supreme Court created this framework "to give plaintiffs who lack direct evidence a method for raising an inference of discrimination."  *Id.* at 318; *see Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253-54 (1981); *Costa v. Desert Palace*, 299 F.3d 838, 855 (9th Cir. 2002).  Even under this test, the plaintiff still must "prove a set of circumstantial facts which, in the absence of a legitimate non-discriminatory explanation, leads one to conclude with reasonable probability that the adverse employment action was a product of . . . discrimination."  *Duke v. Uniroyal Inc.*, 928 F.2d 1413, 1418 (4th Cir. 1991).

To establish a *prima facie* case under the *McDonnell Douglas* framework, plaintiff Telep must show that: 1) he is a member of a class protected under Title VII; and 2) that his job and mobility impairment are similar to the jobs and mobility impairments of those employees outside the protected class who were provided handicap parking spaces in the VMF/GMF lot.  *See Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 58 (4th Cir.

12

1995); *Tuck v. Henkel Corp.,* 973 F.2d 371, 375 (4th Cir. 1992) (age discrimination), *cert. denied*, 507 U.S. 918 (1993), *abrogated on other grounds in O'Connor v. Consol. Caterers Corp.*, 517 U.S. 308 (1996); *see also Burdine*, 450 U.S. at 253*; Chika v. Planning Research Group*, 179 F. Supp. 2d 575, 583-84 (E.D. Md. 2002) (applying *McDonnel Douglas* framework to disparate compensation claim).

(a)  Protected Class Requirement

While it is unusual for an individual identified as a white, Catholic, male, or any combination of these characteristics, to qualify as a member of a protected class under Title VII, it is not impossible.  Generally, protected classes are groups of persons which are understood to be underprivileged, such as, minority races and women.  However, members of a traditional majority group may become a situational minority if they are outnumbered in their workplace by members of a traditional minority.  *See Kim v. Coppin State Coll.*, 662 F.2d 1055, 1057 (4th Cir. 1981)(treating white and Asian professors as members of protected class where the university administration was dominated by blacks although there were a substantial number of whites on the faculty); *see also Barnes v. Fed. Express Corp.*, No. 1:95cv333-D-D, 1997 U.S. Dist. LEXIS 9882, at *22 n.8 (N.D. Miss. May 15, 1997)("The fact that a white plaintiff is a member of a minority within the workplace would certainly constitute a

13

'background circumstance' sufficient to meet the needs of establishing a *prima facie* case. . .").

Plaintiff Telep has not produced any evidence to show that whites, males, or Catholics are in a minority position relative to the workforce at the General Mail Facility or relative to the employees allowed to park in the VMF/GMF lot.  In fact, the evidence shows that two of the postal employees assigned spaces in the VMF/GMF handicap lot were white males.  *See Bryant v. Aiken Reg'l Med. Ctrs.*, 33 F.3d 536, 546 (4th Cir. 2003) (allowing defendant to rebut charges of discrimination by showing other similarly situated class members who received desired treatment).  The record does not reflect the religion of the "favored" employees, except for one woman who plaintiff Telep asserts is Jewish.  Merely asserting that one Jewish employee was allowed to park in the VMF/GMF handicap lot is insufficient to establish that Catholics are a relative minority.  At a minimum, plaintiff would have to show that at least a majority of employees granted special privileges are not Catholic.[3]

---

[3] In order to establish a discrimination case by use of Catholics, whites, and/or males as the protected class, plaintiff needs to show that his class is a situational minority in the workplace or in comparison to management as opposed to a situational minority in the allocation of handicap parking spaces.  *See Kim*, 662 F.2d at 1057; *Barnes*, 1997 U.S. Dist. LEXIS 9882, at *22 n.8.  Because plaintiff Telep has failed to produce any evidence to show that Catholics, whites, and/or males are situational minorities in any circumstance, the Court will not address this requirement.

14

(b).   Similarity Requirement

To establish a *prima facie* case, plaintiff Telep must also show that at the time of the alleged discrimination, the employees allowed to park in the VMF/GMF lot 1) held jobs similar to his own, and 2) suffered from mobility impairments equal to or less severe than his own.  *See Reese v. C. Richard Dobson, Inc.*, 2001 U.S. Dist. LEXIS 12853, at *10 (E.D. Va. Aug. 23, 2001) ("[A] [p]laintiff must identify existing comparators who are similar in all *relevant* respects") (relying on *Powell v. The City of Norfolk*, 1998 U.S. Dist. LEXIS 15915, at *10 (E.D. Va. Aug. 17, 1998)("[M]erely showing that an individual was involved in an analagous situation is insufficient"), *affirmed without op.* 181 F.3d 90 (4th Cir. 1990) (unpublished)); *see also McDonnell Douglas Corp.*, 411 U.S. at 804.  Where similarly situated persons with different characteristics are treated differently, the Court can infer that the different treatment is due to their differing characteristics, such as, race, sex, religious preference, or national origin.  *See Burdine*, 450 U.S. at 254 (inferring a rebuttable presumption of discrimination where a *prima facie* case is established).[4]

There is no evidence in the record that plaintiff Telep is similarly situated to the employees assigned the VMF/GMF handicap

---

[4] This is the basic inference process set up by the burden-shifting scheme of the *McDonnell Douglas* framework. *See McDonnell Douglas Corp.*, 411 U.S. at 804.

spaces.  The record instead supports the opposite conclusion.
Plaintiff Telep has no limitation on his ability to walk.  By
contrast, the five employees assigned VMF/GMF handicap spaces
included three employees with hip replacements, one employee with
leg braces, and one employee with arm braces and crutches.
Unlike the plaintiff, these five employees have obvious
limitations on their ability to walk.

### 2.  Pretext

Had plaintiff Telep established a *prima facie* case of
discrimination, the Postmaster General would be required to
advance a legitimate non-discriminatory explanation of why
management did not assign plaintiff a VMF/GMF handicap parking
space.[5]  *See Diamond*, 416 F.3d at 318-19; *Anderson*, 406 F.3d at
267.  The Postmaster General did this by proving that management
developed a list of employees whose disabilities most affected
their mobility.  Management found that the employees placed on
the list had greater mobility impairment than plaintiff Telep.
In other words, they concluded that other employees had a greater
need for the reserved handicap spaces.

As a result of the Postmaster General's non-discriminatory
explanation, "the burden shifts back to [Mr. Telep] to prove by a

---

[5] Even though the evidentiary burdens shift back and forth within the
*McDonnell Douglas* framework, "'the ultimate burden of persuading the trier of
fact that the defendant intentionally discriminated against the plaintiff
remains at all times with the plaintiff.'" *Anderson*, 460 F.3d at 267 (quoting
*Murrell v. Ocean Mecca Motel, Inc.*, 262 F.3d 253, 257 (4th Cir. 2001)).

16

preponderance of the evidence that [the Postmaster General's] stated reasons 'were not its true reasons, but were a pretext for discrimination.'" *Hill*, 354 F.3d at 285 (quoting *Reeves*, 530 U.S. at 143).  The Court cannot infer discrimination simply because plaintiff Telep believes he deserves handicap parking in the VMF/GMF area.[6]  He must demonstrate pretext by more than a "mere existence of a scintilla of evidence," or the appearance of "some metaphysical doubt" concerning a material fact*.  See Anderson*, 477 U.S. at 252; *Matsushita*, 475 U.S. at 586; *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997); *Tao of Sys. Integration, Inc. v. Analytical Servs. & Materials, Inc.*, 330 F. Supp. 2d 668, 671 (E.D. Va. 2004).  Plaintiff has not produced any evidence of pretext, much less evidence beyond a "mere scintilla."

## B. Rehabilitation Act of 1973

Mr. Telep asserts that the Postmaster General's failure to assign him a reserved handicap space in the GMF/VMF lot violated the Rehabilitation Act of 1973, 29 U.S.C. § 701.[7]  The standards

---

[6] "[T]his Court will not act as a super-personnel department that reexamines an entity's business decisions."  *Beall v. Abbott Labs.*, 130 F.3d 614, 620 (4th Cir. 1997) (quoting *Dale v. Chicago Tribune Co.*, 797 F.2d 458, 464 (7th Cir. 1986)); *see also Jiminez v. Mary Wash. Coll.*, 57 F.3d 369, 383 (4th Cir. 1995) ("The crucial issue in a Title VII action is an unlawfully discriminatory motive for a defendant's conduct, not the wisdom or folly of its business judgment.").

[7] Claims of disability discrimination against the federal government must be brought pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et. seq.*  The Americans with Disabilities Act of 1990 extended the protections of the Rehabilitation Act to private entities. *See Myers v. Hose*, 50 F.3d 278,

used to determine liability under the Rehabilitation Act are the same as those specified in the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111, *et. seq.*.  *Hooven-Lewis*, 249 F.3d at 268.  The general rule is "that no covered entity shall discriminate against a qualified individual with a disability because of the disability."  *Id.* (citing 42 U.S.C. § 12112(a)).

By enacting the Rehabilitation Act and the ADA, Congress did not create a comprehensive job insurance policy for individuals with impairments.  *See Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 934 (7th Cir. 1995).  Congress instead carved out a narrow subset of impaired employees that the Acts would cover.  *See* 42 U.S.C. §§ 12111-12112.  As a threshold matter, Mr. Telep must prove that he is a "qualified individual with a disability" in order to be a member of the class protected by the Acts.  *See* 42 U.S.C. § 12112(a); *Ennis*, 53 F.3d at 58.

An individual has a "disability" under the ADA if he (1) has a physical or mental impairment that substantially limits one or more of his major life activities, or (2) has a record of such impairment, or (3) is regarded as having such an impairment.  42 U.S.C. § 12102.  In this case, it is undisputed that Mr. Telep has a physical impairment.  He is unable to stand for greater than two hours without breaking for 15 minutes, he cannot bend more than occasionally, he cannot climb steps more than

---

281 (4th Cir. 1995).

occasionally, and he cannot lift 11-20 pounds more than occasionally.  However, the essential question is whether plaintiff Telep's impairment substantially limits one or more of his major life activities so as to render him "disabled" within the meaning of the statute.  *See* 42 U.S.C. § 12102.  The Court considers a plaintiff's alleged impairment objectively, *i.e.*, whether it would have the necessary effect on the daily lives of most people.  *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 198 (2002).

"Major life activities means functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working."  29 C.F.R. § 1630.2(i) (2005).[8]  While there is medical evidence that Mr. Telep has a degenerative disc disease in his lumbar spine, he has produced no evidence to show that his disorder restricts him from doing activities that are of central importance of his daily life -- much less that it prevents or severely restricts him from doing activities that are of central importance to the daily lives of most people.  Absent such evidence, Mr. Telep does not have a claim under the Rehabilitation Act.

Mr. Telep relies on the handicap license plates issued to him by the Virginia Department of Motor Vehicles as proof that he

---

[8] As noted by the Fourth Circuit in *Pollard v. High's of Baltimore, Inc.*, 281 F.3d 462, 468 n.2 (4th Cir. 2002), the persuasive authority of the EEOC regulations interpreting the ADA is less than clear.

is disabled.  However, possession of handicap license plates does not mean that one is disabled within the meaning of the ADA.  29 C.F.R. § 1630.2(I) (2005).  The handicap plates grant Mr. Telep permission to park in certain reserved spaces; they do not prove that any of his major life activities are substantially limited.

C.  Architectural Barriers Act

Mr. Telep's Final claim is that the Postmaster General violated the Architectural Barriers Act ("ABA") of 1968, 42 U.S.C. §§ 4151 *et seq.*, by failing to give him a closer parking space.  The ABA authorizes the Postmaster General to promulgate regulations that prescribe "standards for the design, construction, and alteration of its buildings to insure whenever possible that physically handicapped persons will have access to, and use of, such buildings."  42 U.S.C. § 4154a (2005).

Mr. Telep has failed to identify any specific regulation that the Postmaster General allegedly violated.  Even if he had done so, there would still be no basis for his claim.  "There is no private right of action by handicapped individuals complaining of a violation of the ABA; enforcement is purely administrative." *Crowder v. True*, No. 95 C 4704, 1998 U.S. Dist. LEXIS 1024, at *6 (N.D. Il. January 29, 1998). The Architectural and Transportation Barriers Compliance Board ("ATCB") monitors compliance with the standards set by the ABA.  "If a complainant is dissatisfied with a final order of the ATCB, he may bring suit under the provisions of the Administrative Procedure Act for

judicial review of agency orders, 5 U.S.C. § 701 *et seq.*" *Id.*

<u>IV.  Conclusion</u>

For the reasons stated above, defendant's Motion for Summary Judgment is **GRANTED**.

The Clerk is hereby **DIRECTED** to forward a copy of this Order and Opinion to plaintiff *pro se* and all counsel of record.

**IT IS SO ORDERED.**

_____/s/_____
                              Walter D. Kelley, Jr.
                     UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
September 30, 2005

21